In the Matter of the Application to Punish JOHN ANDERSON LEACH, Respondent, for a Contempt in Refusing to Be Sworn as a Witness in the Matter of the New York State Legislative Committee to Investigate the Affairs of the City of New York.

JOINT LEGISLATIVE COMMITTEE, Appellant.

First Department, July 1, 1921.

Legislature — joint legislative committee to investigate affairs of city of New York not standing committee of Legislature within meaning of Legislative Law, § 61 — committee has no power to appoint subcommittee of one — contempt — refusal of witness to be sworn before subcommittee of one not contempt — committee has no power to take testimony in private.

A joint legislative committee appointed pursuant to a joint resolution of the Legislature during the session of 1921 to investigate the affairs of the city of New York is not a standing committee of the Legislature .

within the meaning of section 61 of the Legislative Law, and that section has no applicability to said joint legislative committee though it may be used as indicative of the legislative policy touching the conduct of an investigating committee.

The joint legislative committee has no power under the resolution creating it to appoint a subcommittee of one member to conduct an examination and swear witnesses.

Accordingly, a person subpœnaed to appear before a subcommittee of one of said joint legislative committee is not in contempt for refusal to be sworn as a witness.

Said joint legislative committee has no authority to take testimony in private or with closed doors.

CLARKE, P. J., and PAGE, J., dissent as to last paragraph of head note.

APPEAL from an order of the Supreme Court, made at the New York Special Term, denying a motion to punish for contempt.

*Samuel A. Berger* and *Leonard M. Wallstein* [*Elon R. Brown* of counsel], for Joint Legislative Committee.

*John P. O'Brien, Corporation Counsel* [*William E. C. Mayer* and *William J. Ahearn* with him on the brief], for the respondent.

CLARKE, P. J.:

The respondent, a deputy commissioner of police, was served with a *subpœna duces tecum* requiring him to produce certain books, papers, documents, etc., before the joint legislative committee appointed by the Legislature under a joint resolution passed on the 13th and 15th days of April, 1921. He appeared and produced the books and papers before the chairman of the said joint committee purporting to sit as a subcommittee of one but declined to be sworn and examined in private before a committee of one. He was subsequently declared in contempt at a session of the joint committee, and persisting in his refusal to be examined before a subcommittee of one, this proceeding was instituted before the Special Term to punish him as for contempt. The learned Special Term denied the application stating among the grounds for its action that section 61 of the Legislative Law provided as follows:

" Subcommittees. Whenever any standing committee of either house of the Legislature shall be required to make an

inquiry or investigation, such committee may appoint a sub-committee of not less than three of its own members to make such inquiry or investigation, and to take testimony in relation thereto; and such committee or subcommittee and the chairman thereof shall respectively have all the powers and authority, which are conferred by law upon any committee which is authorized to send for persons or papers, or upon the chairman thereof."

As the joint legislative committee now investigating the affairs of the city of New York is not a standing committee of either house of the Legislature we are of opinion that the section quoted is not directly applicable. It may be used, however, as indicative of the legislative policy touching the conduct of an investigating committee. An examination of the resolution under which the committee was appointed convinces us, however, that a subcommittee of one member to conduct an examination and swear witnesses was not within the purview of said resolution and not authorized thereby and that the resolution of the committee which designated the chairman as a subcommittee of this committee and authorized the chairman to appoint as many additional sub-committees, consisting of one or three members each as may be determined by the chairman, was not authorized by the joint resolution appointing the committee which is as follows:

" The committee may at any time and from time to time by resolution of a majority of its members, be subdivided into sub-committees of such number as it may by majority determine, which sub-committees may sit at the same time and place or at different times and places in the State of New York during the session of the Legislature, during its recess or after the adjournment, each such sub-committee to appoint its own chairman and to act by majority vote of its own members and to administer oaths and to issue subpœnas requiring the attendance of witnesses and the production of books, papers and documents and to do all other acts and things that may be done by the committee as a whole or that may be delegated to it by the full committee." (See N. Y. Legislative Index 1921, p. 414.)

This language clearly negatives authority to appoint a subcommittee of one which shall exercise all the powers conferred upon the committee as a whole. We do not think it

necessary to discuss any of the other questions presented, with the exception of the question as to whether the committee has the right to take testimony in camera. The majority of the court are of the opinion it has no such power. Mr. Justice PAGE and the writer of this memorandum dissent from that conclusion. We recognize the power of the Legislature to conduct investigations for the purpose of framing legislation. No obstacles by the local authorities should be unnecessarily thrown in the way of this committee appointed to investigate the affairs of the city of New York. If there is anything wrong which may be righted by appropriate legislation it ought to be discovered. If there is nothing wrong it will be in the interests of the community to establish that. Upon the particular point presented we are of the opinion that the order appealed from was right in denying the motion to punish for contempt because the joint resolution did not authorize the appointment of a subcommittee of one.

The order appealed from should be affirmed.

LAUGHLIN, PAGE, MERRELL and GREENBAUM, JJ., concur.

Order affirmed.